UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SIERRA CLUB, INC., et al.,

    Plaintiffs,

v.

UNITED STATES ARMY CORPS OF          CASE NO. 3:08-cv-750-J-25TEM
ENGINEERS, et al.,

    Defendants,

MOSAIC FERTILIZER, LLC,

    Intervenor.

_____/

**O R D E R**

This matter comes before the Court on Mosaic Fertilizer, LLC's ("Mosaic") Unopposed Renewed Motion to Intervene (Doc. #30, Motion to Intervene).[1] For the reasons stated herein, the Motion to Intervene shall be granted.

The subject of this litigation is a dredge and fill phosphate mining permit (the "Altman Permit"), issued to Mosaic by the Army Corps of Engineers (the "Corps") on May 2, 2008 (Doc. #10 at 18). Mosaic is the owner of the Altman Tract and is the holder of the Altman Permit, which authorizes it to extract phosphate minerals from the Altman Tract (Doc. #30 at 2).

In the instant action, Plaintiffs, Sierra Club, Inc., Manasota-88, Inc., Gulf Restoration Network, Inc., People for Protecting Peace River, Inc., and Environmental Confederation

---

[1] This matter previously came before the Court on Mosaic's original Motion to Intervene (Doc. #18), which the Court denied as moot with leave to refile because the District Court stayed the action pending the review of the Altman Permit by the Corps (Docs. #22; #23).

of Southwest Florida, Inc. (collectively, "Plaintiffs") allege the Corps failed to comply with the procedural requirements of the National Environmental Policy Act ("NEPA") and the Clean Water Act ("CWA") when issuing the Altman Permit to Mosaic (*see* Doc. #10 at 3). Consequently, Plaintiffs seek to enjoin the Altman Permit from being implemented and Mosaic seeks to intervene because it is the holder of the Altman phosphate mining permit.

On October 3, 2008, the Corps suspended the Altman Permit pursuant to its authority under 33 C.F.R. § 325.7 (*see* Doc. #13-2). The Corps suspended Mosaic's permit because it determined, "it is in the public interest to revisit the analysis in support of [the decision to grant] the permit" (Doc. #13-2). Pursuant to 33 C.F.R. § 325.7, the Corps may reinstate, modify, or revoke the permit at issue. 33 C.F.R. § 325.7.

On December 18, 2008, the District Court stayed the action pending the Corps' review of the Altman Permit (Doc. #22). Due to the stay, the undersigned denied Mosaic's initial motion to intervene (Doc. #18) as premature; however, the undersigned granted Mosaic leave to refile the motion once "the [Corps] complete[d] its review of the phosphate mining permit . . . and [took] further action pursuant to 33 C.F.R. § 325.7" (Doc. #23 at 2).

On May 4, 2009, the Corps reinstated the Altman Permit (Doc. #25-2). On May 15, 2009, the District Court lifted the stay (Doc. #26). Subsequently, on June 23, 2009, Mosaic filed the instant unopposed motion to intervene (Doc. #30), which is now ripe for the Court's review.

Mosaic seeks to intervene of right or alternatively intervene by permission in the instant action. Pursuant to Federal Rule of Civil Procedure 24, the court must permit intervention, upon timely motion, to a movant who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that the disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

The Eleventh Circuit has directed that district courts must allow a party to intervene by right where the intervening party establishes the requirements of Rule 24(a). *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Alternatively, permissive intervention is appropriate where the movant has a claim or defense that shares a common question of law or fact with the action and the intervention "will [not] unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

The subject of this litigation is the Altman Permit issued to Mosaic by the Corps (Doc. #10; Doc. #30 at 2). Plaintiffs seek to enjoin the Altman Permit from being implemented (*see* Doc. #10 at 3; Doc. #30 at 8). Mosaic is the owner of the Altman Tract and is the holder of the Altman Permit, which authorized Mosaic to extract phosphate minerals from the property (Doc. #30 at 2). Based on the foregoing, the undersigned finds Mosaic has a significant interest relating to the property that is the subject of the instant litigation. *See* Fed. R. Civ. P. 24(a)(2). Furthermore, the undersigned finds Plaintiffs' requested relief, if granted, may impair or impede Mosaic's ability to protect its interest because Mosaic would be prevented from extracting phosphate from the Altman Tract. *See* Fed. R. Civ. P. 24(a)(2).

Finally, the undersigned finds Mosaic's financial interests may not adequately be represented by the existing parties. *See Georgia v. U.S. Army Corps of Engineers*, 302 F.3d 1242, 1259 (11th Cir. 2002) ("federal defendant with a primary interest in the

3

management of a resource [does not] ha[ve] interests identical to those of an entity with economic interests in the use of that resource"). Accordingly, the undersigned concludes that Mosaic should be permitted to intervene by right. In addition, Mosaic certifies that the other parties to the action do not oppose Mosaic's Motion to Intervene (*see* Doc. #29 at 2 n.2), and no opposition to the instant motion has otherwise been filed.

Thus, upon due consideration, it is hereby **ORDERED:**

Unopposed Renewed Motion to Intervene (Doc. #30) is hereby **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of August, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All Counsel of Record
and
    Mosaic Fertilizer, LLC,
    Intervenor