IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:08-cv-750-HLA-TEM

SIERRA CLUB, INC.; MANASOTA-88, INC.;
GULF RESTORATION NETWORK, INC.;
PEOPLE FOR PROTECTING PEACE RIVER,
INC.; and ENVIRONMENTAL CONFEDERATION
OF SOUTHWEST FLORIDA, INC.,

       Plaintiffs,

v.

UNITED STATES ARMY CORPS OF ENGINEERS;
and COLONEL ALFRED A. PANTANO, JR.,
Commanding District Engineer, U.S. Army Corps
of Engineers, Jacksonville District;

       Defendants,

and

MOSAIC FERTILIZER, LLC,

       Intervenor.
_____/

**PLAINTIFFS' REPLY TO MOSAIC FERTILIZER'S RESPONSE TO PLAINTIFFS' SUMMARY JUDGMENT MOTION AND RESPONSE TO MOSAIC FERTILIZER'S CROSS MOTION FOR SUMMARY JUDGMENT**

**I.   THE CORPS FAILED TO MAKE A CONVINCING CASE FOR ITS FINDING OF NO SIGNIFICANT ADVERSE IMPACTS (Mosaic Sections V.A and V.B)**

Plaintiffs incorporate by reference their argument in Section I of their response to the Corps' summary judgment motion.

**II.  THE CORPS ARBITRARILY AND CAPRICIOUSLY FAILED TO CONSIDER THE NO-ACTION ALTERNATIVE OF MOSAIC CONTINUING TO PURCHASE PHOSPHATE ROCK FROM MOROCCO (Mosaic Section V.C.)**

Plaintiffs incorporate by reference their argument in Section II of their response to the Corps summary judgment motion. In addition, Mosaic suggests that this claim should be controlled by *National Wildlife Federation v. Norton*, 332 F. Supp. 2d 170 (D.D.C. 2004). However, that case concerned a limestone company that needed to provide a source limestone for its mining operations. *Id*. at 186. Mosaic Fertilizer, LLC, is, as its name suggests, a fertilizer company. In business terms, it is a vertically integrated company, meaning that it owns both the mines that provide the phosphate rock and the chemical/fertilizer manufacturing plants that convert the rock into fertilizer. AR53852. The mining of phosphate rock is not an end in itself; it is only a step in a production process that concludes with a finished product (fertilizer) that is sold on the open market. AR57918-58149. Mosaic Fertilizer does not sell phosphate rock; it sells fertilizer. [AR57918-58149]. As set forth in response to the Corps' summary judgment motion, one of Mosaic Fertilizer's stated purposes was to provide a continuous source of phosphate rock to its fertilizer plants, and it currently is using imported phosphate rock to meet this objective.

The Corps and Mosaic argue that the Corps did evaluate the practicability of the importation alternative under the Corps' Clean Water Act regulations. The Corps cannot reasonably claim to have evaluated an alternative for *any* purpose where the alternative is not even mentioned in the alternatives analysis section of either the original EA or the supplemental EA. *See* AR335502-33514 (Section 6 of the EA); AR69019-69034 (Section 8 of the SEA). The only statement in the original EA regarding the no-action alternative was as follows: "The applicant stated that the 'no-action alternative would not be practicable because there is no available substitute for phosphate.'" AR33566. There is no mention of the alternative of

2

importing phosphate rock. The SEA analyzes the no-action alternative of not issuing the permit but, again, never mentions importation of phosphate rock as an alternative to mining.

The Corps' citations are actually to statement made by the applicant that are contained in the EA's "Additional Coordination" section, AR33436, and to the Corps' repetition of the applicant's statements in the "Public Interest Review" section of the EA. AR33535. Even if these cites did consider an alternatives evaluation, it is legally insufficient. The Corps has an obligation under NEPA regulations to independently verify statements made by the applicant if it intends to rely upon those statements in its environmental assessment. *Sierra Club v. Van Antwerp*, 2010 WL 200838, *5 (11th Cir. 2010) (citing to 40 C.F.R. § 1506.5(a) which requires agencies to independently evaluate information submitted by the applicant). Had the Corps verified the applicant's statements it would have discovered they had no basis in fact.

For example, Mosaic states that reliance on imported rock would be too risk to be an alternative to mined rock. AR33466. However, if the Corps had verified this information by looking at government documents in the record of this case it would have discovered that at least two United States fertilizer companies currently rely on Moroccan rock besides Mosaic itself, AR53853, and that Mosaic contemplates the use of imported rock in the future as part of its normal operations. AR57926. Mosaic also stated it had to "assume" that Morocco would have the capacity or willingness to sell phosphate rock to Mosaic, implying it did not know whether it would be able to purchase phosphate rock from Morocco. Obviously an independent verification would have shown that Mosaic is in fact buying Moroccan rock and expects to continue to do so in the future. AR57926. These examples support the wisdom of the NEPA regulation requiring that an applicant's statements be independently verified, and the rule that the Corps has the "duty under NEPA to exercise a degree of skepticism in dealing with the self-serving statements from a

3

prime beneficiary of the project." *Simmons v. U.S. Army Corps of Engineers*, 120 F.3d 664, 669 (7th Cir. 1997). The Corps did not conduct a legally sufficient evaluation of the practicability of the importation alternative.

## III. THE CORPS VIOLATED NEPA'S PUBLIC PARTICIPATION REQUIREMENTS

Plaintiffs incorporate by reference Section III of their response to the Corps summary judgment motion. Mosaic and the Corps also argue that plaintiffs have not identified information that had not already been presented to the Corps during the public comment period. Some examples are found in plaintiffs' original complaint and its attachments, which information and documentation was sufficient to get the permit suspended and the EA redone. Plaintiffs never had an opportunity comment on the Peace River Cumulative Impact Study (which was published after the close of public comment), never had an opportunity to comment on the final state permit which published after the close of public comment), never had an opportunity to provide information on the state's ongoing investigation into the functionality of reclaimed wetlands on phosphate lands that is currently being undertaken; and never had a opportunity to comment on the supplemental information on the efficacy of applicant's mitigation on which the Corps relied in its SEA. *See Ohio Valley Environmental Coalition v. U.S. Army Corps of Engineers*, 2009 WL 4261321, *22-24 (S.D. W.Va. 2009) (significant decision in mining permit case was FONSI; Corps violated NEPA's "extent practicable" requirement when it failed to disseminate information on adequacy of proposed mitigation either prior to close of public comment or prior to making final decision that EIS would not be required).

Additionally, plaintiffs strongly dispute Mosaic's statement that plaintiffs had six months for public comment. D.E. 50 at p. 27. All of plaintiffs comments referenced in their summary judgment motion were filed within the 60 day period allotted by the Corps and Mosaic's references to the administrative record confirms this. Mosaic also argues that it was not required to solicit public comment after the Altman permit was suspended. D.E. 50 at p. 28. Mosaic misses the point. Plaintiffs agree that the Corps' regulations give it the discretion not to do a lot of things. However, NEPA regulations require that the Corps provide an opportunity for meaningful participation in the permit evaluation process and it is those regulations that were violated under the totality of the circumstances of this case.

### IV. THE CORPS VIOLATED THE CLEAN WATER ACT WHEN IT FAILED TO HOLD A PUBLIC HEARING

Plaintiffs incorporate by reference Section IV of their response to the Corps' summary judgment motion.

Respectfully submitted on this 29th day of March, 2010.

_/S/ Monica K. Reimer_
Monica K. Reimer
Fla. Bar. No. 0090069
mreimer@earthjustice.org
TRIAL COUNSEL FOR PLAINTIFFS
P. O. Box 1329
Tallahassee, Florida 32302
(850) 681-0031 (Telephone)
(850) 681-0020 (Facsimile)

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF on this 29th day of March, 2010.  I also certify that the foregoing document is being served on this day to the following Service List in the manner specified:

Adam S. Katz
US Department of Justice - Environmental Defense Section
PO Box 23985
Washington, DC 20026-3985
CM/ECF

Samantha Klein
US Department of Justice - ENRD
PO Box 663
Washington, DC 20036
CM/ECF

John F. Kasbar
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, Florida 32207
First Class U.S. Mail

David B. Weinstein
Kerri L. Barsh
Kimberly S. Mello
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
CM/ECF

Frank E. Matthews
Susan L. Stephens
HOPPING GREEN & SAMS, P.A.
119 South Monroe Street, Suite 300
Tallahassee, Florida 32301
First Class U.S. Mail

                                                        ____/S/ Monica K. Reimer_____
                                                        Attorney