**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Case No. 3:08-cv-750-HLA-TEM

---

SIERRA CLUB, INC., MANASOTA-88, INC., GULF RESTORATION NETWORK, INC., PEOPLE FOR PROTECTING PEACE RIVER, INC., and ENVIRONMENTAL CONFEDERATION OF SOUTHWEST FLORIDA, INC.,

*Plaintiffs,*

v.

U.S. ARMY CORPS OF ENGINEERS, and COLONEL ALFRED A. PANTANO, JR. Commanding District Engineer, U.S. Army Corps of Engineers, Jacksonville District,

*Defendants,*

and

MOSAIC FERTILIZER, LLC,

*Intervenor Defendant.*

---

**MOSAIC FERTILIZER'S RESPONSE
TO THE COURT'S MARCH 27, 2013 ORDER**

---

| | |
|---|---|
| John A. DeVault, III | David B. Weinstein |
| **BEDELL, DITTMAR, DEVAULT,** | Kimberly S. Mello |
| **PILLANS & COXE, P.A.** | **GREENBERG TRAURIG, P.A.** |
| 101 East Adams Street | 625 E. Twiggs St., Ste. 100 |
| Jacksonville, Florida 32202 | Tampa, FL 33602 |
| Telephone: (904) 353-0211 | Telephone: (813) 318-5700 |
| Facsimile: (904) 353-9307 | Facsimile: (813) 318-5900 |

*Counsel for Mosaic Fertilizer, LLC*

Intervenor Defendant, Mosaic Fertilizer, LLC ("Mosaic"), files its response to this Court's March 27, 2013 Order (Dkt. 73) requesting that the parties "discuss[] the legally relevant and factual similarities and distinguishing characteristics" between the pending case ("*Altman*") and *Sierra Club v. U.S. Army Corps of Engineers*, Case No. 3:10-cv-564 ("*SFM*").

**ARGUMENT**

While the Plaintiffs in both actions challenge the U.S. Army Corps of Engineers' ("Corps") issuance of Section 404 Clean Water Act ("CWA") permits authorizing phosphate-mining operations at two very different mines, each of these permits is unique—as is its attendant Administrative Record. Thus, Plaintiffs' challenge to the Altman permit under the CWA and the National Environmental Policy Act ("NEPA") must be independently adjudicated by the Court based on the full Administrative Record. No such adjudication occurred in *SFM* because the parties resolved their dispute before a merits decision. Instead, the sole issue that this Court considered was whether preliminary injunctive relief was appropriate based on evidence submitted by the parties. This completely different procedural posture establishes that these cases are disparate. The dissimilarities, however, do not end there. Significantly, *Altman* and *SFM* involve different mines, different counties, different mine plans, different environmental considerations, different permits, and different permit conditions—all of which are discussed below. The only finding in *SFM* that is persuasive here is one the Court made independent of the vast differences between the mines and their Administrative Records: the Corps' decision to perform an area-wide environmental impact statement ("AEIS") did ***not*** establish that an Environmental Impact Statement ("EIS") was

required for a particular mine (*i.e.*, *SFM*). With that exception, the Court must review *Altman* as an entirely independent action, giving the Corps the deference required by law.[1]

## I. THE *ALTMAN* AND *SFM* CASES.

### A. The *SFM* Case.

In *SFM*, the Corps issued a Section 404 Permit in June 2010, authorizing Mosaic to conduct phosphate-mining operations on 10,856 acres of its land in Hardee County, Florida. Plaintiffs then filed an action seeking injunctive and declaratory relief for the Corps' purported violations of the CWA and NEPA. This Court entered an Order and Preliminary Injunction (Dkt. 88) ("Order") finding that the required CWA alternatives analysis was incomplete—based on Environmental Protection Agency correspondence from the *SFM* Administrative Record.[2]

The Court, however, found that Plaintiffs had failed to establish any error in the Corps' "finding of no significant impact" ("FONSI") under NEPA as the Corps "determined that the revised mitigation plan fully compensates for unavoidable impacts to the waters of the United States and…specifically identified and examined the project's cumulative effects." (Dkt. 88 at p. 12).

The Eleventh Circuit vacated the preliminary injunction and remanded for "consideration on the merits, after receiving the full Administrative Record." *Sierra Club, Inc. v. U.S. Army Corps of Eng'rs*, 422 F. App'x. 854, 855 (11th Cir. 2011). After the

---

[1] This Court's review is "exceedingly deferential" and the Court's only role is to ensure that the Corps came to a "rational conclusion." *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008).

[2] *See, e.g.*, Dkt. 88 at p. 16 ("The cited EPA letters memorialize the deficiencies....").

Eleventh Circuit issued its decision, the district court entered a second preliminary injunction ("second injunction"), which was prompted by Mosaic's notice of its intention to conduct upland mining on the *SFM* tract in area referred to as "Area 2." (Dkt. 118). The second injunction was also appealed to the Eleventh Circuit. In addition, the parties filed cross-motions for summary judgment. (Dkts. 133, 140, 147, 155). Before the Eleventh Circuit or this Court reached the merits, however, the parties reached a settlement and the action was dismissed.

### B. The *Altman* Case.

In *Altman*, the Corps issued a Section 404 Permit in May 2008 authorizing Mosaic to conduct phosphate-mining operations on its 2,367-acre property in Manatee County, Florida. The Section 404 permit was issued after the Corps exhaustively reviewed the Altman Permit application—not once but twice—resulting in the issuance of a comprehensive Environmental Assessment and supplemental Environmental Assessment. Plaintiffs then filed an action seeking injunctive and declaratory relief for the Corps' purported violations of the CWA and NEPA in issuing the Permit. Unlike the subsequent *SFM* case (which was filed approximately two years later), *Altman* does not involve a TRO or preliminary injunction. Instead, pending before this Court are dispositive cross-motions for summary judgment based on the full Administrative Record. (Dkts. 66, 69, 70, 72). These motions address, among other things, (1) whether the Corps conducted a proper alternatives analysis under the CWA; (2) whether a public hearing or public notice was required under the CWA

Greenberg Traurig, P.A.

and NEPA; and (3) whether the Corps met its obligations under NEPA when it made its finding that there would be no significant environmental impacts.

**C. With One Exception, The *Altman* And *SFM* Cases Are Dissimilar.**

Plaintiffs make the same general claims in both cases: *i.e.*, the Corps (1) failed to properly consider all practicable alternatives for mining phosphate as required by the CWA; and (2) erred in finding under NEPA that there would be no significant environmental impacts. There are, however, significant procedural and substantive differences, which establish that *SFM* offers no guidance on the issues presented in *Altman*.

Procedurally, the sole consideration in *SFM* was whether preliminary injunctive relief was appropriate based on the parties' arguments and supporting submissions comprised primarily of declarations. Because of the parties' settlement, the Court never reached a merits decision in *SFM* based on a review of the full Administrative Record. In contrast, *Altman* is before this Court for a merits decision on cross-motions for summary judgment based on the full, 69,000-page Administrative Record. This Record substantiates the extensive process that the Corps undertook to fashion the Altman Permit to maximize protection of wetlands and minimize impacts. Among other things, the full Administrative Record amply demonstrates that the Corps appropriately considered alternatives and made its finding of no significant impacts based on voluminous scientific and technical data demonstrating that the limitations and conditions imposed on Mosaic—including its mitigation and reclamation obligations—would be successful.

On the merits, Plaintiffs' claims in *SFM* and *Altman* barely overlap. While both cases involve the CWA and NEPA, the similarity ends there. *SFM* and *Altman* involve, among other things (1) different mines of vastly different sizes, which are located in different parts of the state;[3] (2) different mine plans; (3) different permit applications; (4) different environmental considerations based on scientific data and analyses that clearly is specific to each property; (5) different Administrative Records; and (6) different conditions and limitations for mitigation and reclamation.

Significantly, in *SFM*, this Court based the preliminary injunction on EPA letters submitted to the Corps during the *SFM* permitting process, which expressed concern regarding the Corps' CWA alternatives analysis. No comparable EPA letters exist in this case. To the contrary, in *Altman*, the EPA advised the Corps that all of its concerns regarding *Altman* had been resolved, including its concerns regarding the CWA alternatives analysis. Accordingly, none of the EPA concerns that this Court relied on in issuing the *SFM* preliminary injunction apply here. Moreover, the finding in the second injunction in *SFM* that Area 2 mining is further evidence that "the prior alternatives analysis was incomplete and/or improperly verified" has no precedential value in *Altman*. (Dkt. 168 at p. 3). Upland only mining was clearly the basis for the second injunction, and, thus, has no application here.[4] For the Court's convenience, additional differences are depicted in the chart (Exhibit 1) filed contemporaneously with this Response.

---

[3] *SFM* is located on 10,856 acres in Hardee County, while *Altman*—which is only about 1/5 the size of *SFM*—is located on 2,367 acres in Manatee County, Florida.

[4] This Court stated that "Mosaic's notice of Area 2 mining alters the course of this very complicated case and, further, due to the new development, finds that a preliminary injunction should issue until this case is decided on the mertis." (Dkt. 168).

Greenberg Traurig, P.A.

Each Section 404 Permit is an agency decision based on a comprehensive review of Administrative Records that address the potential environmental effects for the ***particular*** mine plan submitted by Mosaic for ***that*** specific property. The analysis of, among other things, the CWA guidelines, stream assessment methodology, wetland and stream mitigation planning, and endangered species concerns were entirely distinct for each mine.

Accordingly, this Court should evaluate the merits of *Altman* without regard to *SFM*, except for the Court's prior finding that the AEIS did not affect previously permitted projects. *SFM* involved distinct facts and legal determinations, which were made in an entirely different procedural posture based on an entirely different Administrative Record. Here, all factual and legal determinations must be based solely on the full Administrative Record in *Altman*. Under the required "exceedingly deferential" standard of review, the Corps' decision should be upheld. *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008).

**(Attorney's Signature Appears on the Following Page)**

Greenberg Traurig, P.A.

Dated: April 18, 2013                              Respectfully submitted,

                                                                     /s/ *David B. Weinstein*
David B. Weinstein
Fla. Bar No. 604410
weinsteind@gtlaw.com
Kimberly S. Mello
Fla. Bar No. 002968
mellok@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 E. Twiggs St., Ste. 100
Tampa, FL  33602
Telephone: (813) 318-5700
Facsimile:  (813) 318-5900

and

John A. DeVault, III
Fla. Bar No. 103979
jad@bedellfirm.com
**BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.**
101 East Adams Street
Jacksonville, Florida 32202
Telephone: (904) 353-0211
Facsimile: (904) 353-9307
*Counsel for Mosaic Fertilizer, LLC*

## CERTIFICATE OF SERVICE

I CERTIFY that on April 18, 2013 the foregoing was electronically filed with the Clerk of Court via the CM/ECF system, which will send a notice of electronic filing to counsel of record and that a true and correct copy of the foregoing was forwarded by U.S. Mail to John F. Kasbar, U.S. Army Corps of Engineers, Jacksonville District, 701 San Marco Blvd., P.O. Box 4970, Jacksonville, FL 32232-0019.

                                                                    /s/ *David B. Weinstein*